UNITED STATES DISTRICT COURT
District of Minnesota
Criminal No. 15-78 (SRN/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SUPERSEDING INDICTMENT** |
| Plaintiff, | |
| | 18 USC § 371 |
| v. | 18 U.S.C. § 1956 |
| | 21 U.S.C. § 331 |
| (1) OMAR ZIAD WAZWAZ, | 21 U.S.C. § 333 |
| | 21 U.S.C. § 802(32)(A) |
| (2) TALEB JAMAL AWAD, | 21 U.S.C. § 813 |
| | 21 U.S.C. § 841(a)(1) |
| (3) VLADIMIR VLADIMIROVIC BRIK, | 21 U.S.C. § 841(b)(1)(C) |
| | 21 U.S.C. § 846 |
| (4) STEVEN JAY LYKE, | 21 U.S.C. § 853 |
| (5) DANIEL LEE LYKE, | |
| (6) PHILLIP TYLER WACHTEL, | |
| (7) ADAM MICHAEL HENDLEY, and | |
| (8) MEGAN MARIE SCHNEIER, | |
| Defendants. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

**INTRODUCTION**

1. The chemicals AM-2201, UR-144, and XLR-11 (also known as 5-fluoro-UR-144) are each synthetic cannabinoids that, except when they are used by trained scientists for legitimate scientific research, have only one known purpose. Outside of research labs, these substances' only use is as drugs of abuse to be ingested by drug users and cause them a euphoric effect or "high." These synthetic drugs also cause several

SCANNED
SEP 15 2015
U.S. DISTRICT COURT ST PAUL

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 2 of 13

United States v. Omar Ziad Wazwaz, et. al.                    Criminal No. 15-78 (SRN/BRT)

negative side effects when ingested by drug users, including agitation, tachycardia (accelerated heart rate), seizures, and addiction.

2.  Manufacturers of Smokable Synthetic Cannabinoids ("SSCs"), combine AM-2201, UR-144, XLR-11, or other synthetic cannabinoids with a leafy plant material, such as damiana leaves or marshmallow leaves.  This is done to allow drug users to ingest synthetic cannabinoids by smoking the SSCs using the same methods used to smoke marijuana.  Pure synthetic cannabinoid chemicals are often obtained by SSC manufacturers in a solid, powdery form.  Therefore, manufacturers of SSCs typically use a solvent, such as acetone, to liquefy the pure synthetic cannabinoids.  The liquefied synthetic cannabinoids are then sprayed on or mixed with the leafy material.  Flavorings, including "Tasty Puff" brand flavorings, are often added to the SSCs as well.  The SSCs are then allowed to dry before manufacturers subdivide, package, and sell the SSCs to distributors and drug users.

3.  At all times relevant to this Indictment, Defendant OMAR ZIAD WAZWAZ owned and operated several smoke shops in the State and District of Minnesota, including but not limited to the "Smokes 4 Less" store in Mankato, Minnesota.  Beginning in approximately 2010, WAZWAZ obtained SSCs, including SSCs branded as "Happy Shaman," from manufacturers and distributors and then resold the SSCs to drug users from his smoke shops.   Thereafter, beginning as early as 2011, WAZWAZ commenced an operation to manufacture and distribute his own brand of SSC called "Kryptonite."  WAZWAZ coordinated the ordering of pure synthetic cannabinoid chemicals, including AM-2201, UR-144, and XLR-11 from chemical suppliers, and he

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 3 of 13

United States v. Omar Ziad Wazwaz, et. al.                                  Criminal No. 15-78 (SRN/BRT)

also coordinated the manufacturing, packaging, and distribution of Kryptonite SSCs. WAZWAZ not only sold Kryptonite SSCs through his own smoke shops, he also coordinated the wholesale distribution of SSCs to other retailers throughout the United States. Kryptonite-brand SSCs were typically labeled with the brand name "Kryptonite" and with a subtitle or flavor, including but not limited to "Kush," "Tiger's Blood," "Grape," "Kronik," "Man of Steel," "Pine-Apple," "Juicy Fruit," "Kottonmouf King," "Tropic Thunder," "Rain of Fire," "O-Zone," and others. WAZWAZ's SSC operation yielded him millions of dollars in revenues.

4. Defendant TALEB JAMAL AWAD owned and operated at least one smoke shop in the State and District of Minnesota, as well as one smoke shop in the State of Illinois. Defendant AWAD conspired with WAZWAZ to manufacture and distribute SSCs both through AWAD's smoke shops, and over the internet. AWAD registered multiple websites that he then used, in coordination with WAZWAZ, to sell Kryptonite SSCs to retailers and drug users.

5. Defendant VLADIMIR VLADIMIROVIC BRIK also conspired with WAZWAZ to manufacture and distribute Kryptonite SSCs. Defendant BRIK obtained pure synthetic cannabinoids from chemical suppliers and manufactured and distributed SSCs.

6. Defendant STEVEN JAY LYKE also conspired with WAZWAZ to manufacture and distribute Kryptonite SSCs. Defendant STEVEN JAY LYKE obtained pure synthetic cannabinoids from chemical suppliers and participated in the manufacture and distribution of SSCs.

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 4 of 13

United States v. Omar Ziad Wazwaz, et. al.                    Criminal No. 15-78 (SRN/BRT)

7.  Defendant DANIEL LEE LYKE also conspired with WAZWAZ to manufacture and distribute Kryptonite SSCs. DANIEL LEE LYKE participated in the manufacture and distribution of SSCs.

## COUNT 1
(Conspiracy to Distribute Controlled Substance Analogues)

8.  The allegations of paragraphs 1 through 7 of this Indictment are incorporated herein.

9.  Beginning on or about March 1, 2011 and continuing to in or about December 2013, in the State and District of Minnesota and elsewhere, the defendants,

**OMAR ZIAD WAZWAZ,**
**TALEB JAMAL AWAD,**
**VLADIMIR VLADIMIROVIC BRIK,**
**STEVEN JAY LYKE, and**
**DANIEL LEE LYKE,**

knowingly and intentionally conspired with each other and with others known and unknown to the Grand Jury, to distribute and possess with the intent to distribute, mixtures and substances containing a detectable amount of AM-2201, UR-144, and XLR-11 (also known as 5-fluoro-UR-144), while each was a controlled substance analogue, knowing that each was intended for human consumption, in violation of Title 21, United States Code, Sections 802(32)(A), 813, 841(a)(1), 841(b)(1)(C), and 846.

## COUNT 2
(Conspiracy to Distribute Controlled Substances)

10.  The allegations of paragraphs 1 through 7 of this Indictment are incorporated herein.

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 5 of 13

United States v. Omar Ziad Wazwaz, et. al.                                    Criminal No. 15-78 (SRN/BRT)

11.     Beginning on or about July 9, 2012 and continuing to in or about December 2013, in the State and District of Minnesota and elsewhere, the defendants,

**OMAR ZIAD WAZWAZ,**
**PHILLIP TYLER WACHTEL,**
**ADAM MICHAEL HENDLEY, and**
**MEGAN MARIE SCHNEIER,**

knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to distribute, and possess with the intent to distribute mixtures and substances containing a detectable amount of AM-2201, UR-144, and XLR-11 (also known as 5-fluoro-UR-144), after the dates on which each of those substances became Schedule I controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

## COUNT 3
(Conspiracy to Commit Offenses against the United States – Misbranded Drugs)

12.     The allegations of paragraphs 1 through 7 of this Indictment are incorporated herein.

13.     From in or about 2010 and continuing through in or about December 2013, in the State and District of Minnesota and elsewhere, the defendants,

**OMAR ZIAD WAZWAZ,**
**TALEB JAMAL AWAD,**
**VLADIMIR VLADIMIROVIC BRIK,**
**STEVEN JAY LYKE,**
**DANIEL LEE LYKE,**
**PHILLIP TYLER WACHTEL,**
**ADAM MICHAEL HENDLEY, and**
**MEGAN MARIE SCHNEIER,**

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 6 of 13

United States v. Omar Ziad Wazwaz, et. al.                                                    Criminal No. 15-78 (SRN/BRT)

knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to commit offenses against the United States: to wit, the defendants conspired, with the intent to defraud and mislead:

(a)   to introduce and cause the introduction of misbranded drugs into interstate commerce in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2);

(b)   to receive and cause the receipt of misbranded drugs in interstate commerce and to deliver and proffer delivery thereof for pay or otherwise Title 21, United States Code, Sections 331(c) and 333(a)(2); and

(c)   to do and cause to be done acts with respect to drugs, while such drugs were held for sale after being shipped in interstate commerce, that resulted in such drugs being misbranded Title 21, United States Code, Sections 331(k) and 333(a)(2).

A.   **Method and Means of the Conspiracy.**

14.   At all times relevant to this Indictment, the United States Food and Drug Administration ("FDA") was the agency of the United States responsible for, among other things, enforcing the provisions of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.* The FDA's primary purpose in enforcing the provisions of the FDCA was to protect the public health. The FDA's responsibilities included regulating the manufacturing, labeling, and distribution of drugs shipped or received in interstate commerce. The responsibilities of the FDA included preventing

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 7 of 13

United States v. Omar Ziad Wazwaz, et. al.                    Criminal No. 15-78 (SRN/BRT)

drugs that were unapproved for marketing or sale, or which were improperly packaged and labeled, from reaching the marketplace.

15. The FDCA, in Title 21, United States Code, section 321(g)(1), defines the term "drug" as:

> (a) articles recognized in the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; and
>
> (b) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and
>
> (c) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and
>
> (d) articles intended for use as a component of any article specified in clause (a), (b), or (c).

16. The synthetic cannabinoids the Defendants obtained from chemical suppliers, the damiana leaves and other plant materials incorporated into their SSCs, the flavorings Defendants mixed into SSCs, and the completed SSCs themselves, including Kryptonite SSCs, were each drugs as that term is defined by the FDCA.

17. Defendants intended to defraud and mislead government authorities regarding the fact that these articles were in fact drugs, with the purpose of avoiding government regulation over the drugs and preserving the Defendants' ability to sell the drugs in exchange for money.

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 8 of 13

United States v. Omar Ziad Wazwaz, et. al.                    Criminal No. 15-78 (SRN/BRT)

18. To carry out this scheme to defraud government authorities, Defendants falsely and misleadingly marketed their SSCs, including Kryptonite, as "not for human consumption," when in fact the SSCs were drugs intended to be ingested by drug users to get high. The Defendants also falsely and misleadingly marketed their SSCs as "incense," "herbal incense," "spice," "herbal potpourri," and by other false and misleading terms, when in fact the SSCs were none of these things, and were instead intended to be used as recreational drugs.

19. The Defendants' drugs were each misbranded in at least one of the following respects:

> (a) the drugs' labeling was false and misleading in at least one particular in violation of Title 21, United States Code, Section 352(a), including but not limited to the following:
>
>> i. the drugs falsely were labeled in a manner indicating that they were not for human consumption,
>>
>> ii. the drugs were sold as incense, herbal incense, spice, herbal potpourri, and under other false and misleading names when in fact such drugs were intended for human consumption; and
>>
>> iii. the drugs were packaged with labeling which failed to identify accurately the package's contents and intended use(s);

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 9 of 13

United States v. Omar Ziad Wazwaz, et. al.                                    Criminal No. 15-78 (SRN/BRT)

(b)     the drugs' packaging did not bear a label containing the name and place of the business of the manufacturer, packer, and distributor in violation of Title 21, United States Code, Section 352(b);

(c)     the drugs' labeling did not include adequate directions for use in violation of Title 21, United States Code, Section 352(f)(1); and

(d)     the drugs' labeling did not include adequate warnings against the drugs' use where such use might be dangerous to one's health, or warnings against unsafe dosages, methods, or durations of administration or application, in such manner and form as were necessary for the protection of users of the drugs in violation of Title 21, United States Code, Section 352(f)(2).

20.     It was part of the conspiracy that members of the conspiracy would order pure synthetic cannabinoids, damiana leaves and other plant material, and packaging materials used to package SSCs, from outside the United States and outside the State of Minnesota, and to cause those articles to be shipped to members of the conspiracy in the District of Minnesota.  Members of the conspiracy would then use those articles to manufacture SSCs for sale by the conspiracy.  Members of the conspiracy would package SSCs in bags with false and misleading labeling before distributing those SSCs both within and outside the State and District of Minnesota.

B.     **Overt Acts.**

21.     Defendants committed over acts in furtherance of the conspiracy, including but not limited to the following:

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 10 of 13

United States v. Omar Ziad Wazwaz, et. al.                                      Criminal No. 15-78 (SRN/BRT)

(a) On or about April 5, 2011, Defendant BRIK sent a $110,000.00 wire transfer to a bank in the country of Liechtenstein to pay for an order of approximately twenty (20) kilograms of the synthetic cannabinoid AM-2201 that BRIK requested be sent to Defendant WAZWAZ's store in Mankato, MN;

(b) On or about May 12, 2011, Defendant WAZWAZ received approximately 24 packages that had been sent from the country of China containing thousands of empty packages labeled "Kryptonite" and "not for human consumption," which were intended to be used as packages for SSCs;

(c) On or about March 10, 2012, Defendant STEVEN LYKE ordered approximately thirty (30) kilograms of the synthetic cannabinoid AM-2201 from a company outside the United States and agreed to pay $75,000.00 for the chemicals by wire transfer; said wire transfer in the amount of $75,000.00 was sent on or about March 13, 2012 from Wazwaz Brothers Wholesale, Inc. in the United States to the foreign company's bank in the country of Liechtenstein;

(d) On or about February 27, 2013, Defendant SCHNEIER executed a wire transfer to a bank in the country of China to pay for an order of 40,000 empty foil bags with zip-tops labeled "Kryptonite" and "not for human consumption," which were intended to be used as packages for SSCs.

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 11 of 13

United States v. Omar Ziad Wazwaz, et. al.                    Criminal No. 15-78 (SRN/BRT)

22. All in violation of Title 18 United States Code, Section 371 and Title 21, United States Code, Sections 331(a), 331(c), 331(k), 333(a)(2), 352(a), 352(b) and 352(f).

## COUNT 4
(Money Laundering Conspiracy)

23. The allegations of paragraphs 1 through 11, 16 through 18, and 20 through 21 of this Indictment are incorporated herein.

24. From in or about 2010 and continuing through in or about December 2013, in the State and District of Minnesota and elsewhere, the defendants,

**OMAR ZIAD WAZWAZ,
TALEB JAMAL AWAD,
VLADIMIR VLADIMIROVIC BRIK,
STEVEN JAY LYKE, and
MEGAN MARIE SCHNEIER,**

knowingly and intentionally conspired with each other and with others, known and unknown to the Grand Jury:

(a) to transport, transmit, transfer and attempt to transport, transmit, and transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, namely conspiracy to distribute and possess with the intent to distribute controlled substance analogues in violation of Title 21, United States Code, Sections 802(32)(A), 813, 841(a)(1), 841(b)(1)(C), and 846, and conspiracy to distribute and possess with the intent to distribute controlled substances in violation of Title 21,

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 12 of 13

United States v. Omar Ziad Wazwaz, et. al.                    Criminal No. 15-78 (SRN/BRT)

United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, in violation of 18 United States Code, Section 1956(a)(2)(A), all in violation of Title 18, United States Code, Sections 1956(a)(2)(A), and 1956(h).

## FORFEITURE ALLEGATIONS

25. The allegations of all Counts of the Indictment are incorporated herein by reference.

26. Pursuant to Title 21, United State Code, Section 853, each defendant convicted of Count 1 or Count 2 of this Indictment shall forfeit to the United States any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offense, including but not limited to:

   (a) The real property located at 3803 Stinson Boulevard, St. Anthony, Minnesota, also referred to as Ramsey County Property Identification Number 31-30-23-33-003; and

   (b) the 2007 Cadillac Escalade with VIN 1GYFK638X7R152652.

27. Pursuant to Title 21, United State Code, Section 853, each defendant convicted of Count 1 or Count 2 of this Indictment shall forfeit to the United States any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including but not limited to:

   (c) the real property located at 2324 Pershing Street, Duluth, Minnesota;

   (d) the 2010 Chevrolet Camaro with VIN 2G1FB1EV4A9110483;

   (e) the 2008 GMC Yukon Denali with VIN 1GKFK638X8J102084;

   (f) the 2008 Ford E350 Van with VIN 1FBNE31l08DA64744;

CASE 0:15-cr-00078-SRN-BRT   Doc. 154   Filed 09/15/15   Page 13 of 13

United States v. Omar Ziad Wazwaz, et. al.                                    Criminal No. 15-78 (SRN/BRT)

      (g)      the 2004 Infiniti FX35 with VIN JNRAS08W84X210642;

      (h)      the 2004 Porsche Cayenne S with VIN WP1AB29P24LA61718;

      (i)      the 2010 Toyota Camry with VIN 4T1BF3EK5AU080999; and

      (j)      the 1994 Toyota Supra with VIN JT2JA81LZ90001152.

28.    Pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461(c), each and every defendant who is convicted of Count 3 of this Indictment shall forfeit to the United States any and all misbranded drugs related to that offense.

29.    Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant convicted of Count 4 of this Indictment shall forfeit to the United States any and all property, real or personal, involved in that offense, and any and all property traceable to such property.

30.    If any of the property described in these Forfeiture Allegations is unavailable for forfeiture as provided by Title 21, United States Code, Section 853(p), the United States intends to seek the forfeiture of substitute assets pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b)(1).

                          A TRUE BILL

_____          _____
UNITED STATES ATTORNEY              FOREPERSON